**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4273**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DEMARIS JEROME JENKINS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:11-cr-00038-WO-1)

———————

Submitted: October 30, 2012     Decided: January 3, 2013

———————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demaris Jerome Jenkins appeals from the district court's revocation of his supervised release and imposition of the statutory maximum twenty-four months in prison. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the court failed to adequately consider mitigating sentencing circumstances and whether the court imposed a sentence greater than necessary to comply with the statutory sentencing factors. Neither the Government nor Jenkins has filed a brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we must first consider whether the sentence is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive considerations that [we use in the] review of original sentences." Id. In this inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find

the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657. A sentence is plainly unreasonable if it runs afoul of clearly settled law. United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

Regarding variances, we "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [2006] factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." Thompson, 595 F.3d at 547 (noting that a district court's reasoning may be "clear from context" and the court's statements throughout the sentencing hearing may be considered).

Jenkins argues first that the sentence imposed is procedurally unreasonable because the district court failed to consider his mitigating circumstances. We conclude that the

3

record does not support Jenkins' assertions. The court clearly heard Jenkins's arguments for leniency, but the court rejected his attempts to minimize his actions by noting the repetitive nature of his violations, as well as the fact that the violations occurred soon after his release. Moreover, the court properly considered the nature and circumstances of Jenkins's underlying conviction, the lenient sentence given on that conviction, and Jenkins's failure to accept responsibility. See United States v. Johnson, 640 F.3d 195, 203-04 (6th Cir. 2011) (noting that district court may consider leniency of original sentence in determining extent of breach of trust). Finally, the court gave specific, detailed reasoning for the upward variance from the twelve-to-eighteen-month Guidelines range, and Jenkins does not argue otherwise. Accordingly, we find that the sentence is not procedurally unreasonable.

Next, we hold that the sentence was substantively reasonable, as it was within the prescribed statutory range and resulted from the district court's proper weighing of the relevant § 3553(a) factors and policy statements. Under 18 U.S.C. § 3583(e) (2006), the district may revoke a term of supervised release and sentence a defendant to serve all or part of the remaining supervised release term in prison after weighing the factors set forth in § 3553(a)(1), (a)(2)(B),

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Here, the court considered the nature and circumstances of the offense, Jenkins's history and characteristics, and the necessity of deterring further criminal conduct and protecting the public. 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C). Therefore, Jenkins's sentence is substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for reversible error and have found none. As such, we affirm Jenkins's revocation and sentence. This court requires that counsel inform Jenkins in writing of his right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5